PEOPLE, PLAINTIFF AND APPELLEE, v. ACOSTA, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in a Prosecution for an Offense Against the Public Health.

No. 1287.—Decided January 21, 1919.

SANITATION—ADULTERATED MILK—EVIDENCE—CORROBORATION—CREDIBILITY.—The error alleged is that the judgment is contrary to the evidence, and the appellant insists that it would be dangerous to accept the uncorroborated evidence of an inspector of the Sanitation Department as proof of the sale of the milk, which is conceded to be adulterated. This is not one of the cases in which the law requires corroborative evidence. Whether an official has been induced by his zeal of office to testify falsely is a question of credibility and, according to the repeated decisions of this court, such credibility is a matter for the trial court.

The facts are stated in the opinion.
*Mr. José Ramón Freyre* for the appellant.
*Mr. S. Mestre, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The error alleged in this appeal is that the judgment is contrary to the evidence, and to sustain this assignment the appellant maintains that the only proof of a sale of milk, conceded to be adulterated, was the testimony of the inspector of the Sanitation Department. The appellant insists that it would be very dangerous to accept the uncorroborated evidence of such an official. There is, however, nothing in the law requiring the testimony of an inspector to be cor-

roborated. Section 18 of the Law of Evidence (1905) says that the direct evidence of one witness who is entitled to full credit is sufficient for proof of any fact. It is no attack on a man's credibility to say that he is an inspector trying to convict to make his position secure. Similar arguments could be made against any police officer. Whether an official has been induced by his zeal of office to declare falsely, is a question of his credibility, and by the general law and the repeated decisions of this court such credibility is a matter for the trial court. Where a witness declares positively to a sale of milk and the only proof against such sale is dubious statements of a loan of milk, there is very little room for doubt after a conviction by the court below.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.